IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01838-WJM-MJW

DONALD O'SULLIVAN, an individual,
      Plaintiff,

v.

GEICO CASUALTY COMPANY,
      Defendant.

### STIPULATED PROTECTIVE ORDER (Docket 34-1)

This Stipulation is entered into between Plaintiff, Donald O'Sullivan ("Plaintiff") and Defendant, GEICO Casualty Company ("GEICO") (collectively "the Parties").

Whereas, this lawsuit (the "Litigation") may involve the disclosure and/or production of documents and/or information that the Parties believe contain confidential information such as (1) GEICO's confidential, nonpublic, commercially-sensitive financial, business, or analytical information, or proprietary information and data; (2) trade secret or other confidential research, development or other commercial information of GEICO; (3) the confidential, non-public, private health, financial or other information of GEICO's policyholders, insureds, claimants and/or employees or former employees that may be protected by state and/or federal law or by contract; and/or (4) the confidential, proprietary, commercially-sensitive, and/or trade secret information of a third party.

Whereas, the Parties desire the entry of a protective order to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and protect material required by law or otherwise entitled or required to be kept confidential.

Therefore, it is hereby ORDERED that the following provisions shall govern the Parties' claims of confidentiality and confidential information in this proceeding:

1. "Confidential" or "Confidential Information" or "Confidential Documents" as used herein, means any information of any type, kind or character which a party reasonably believes to be confidential and which is designated as "Confidential" by Plaintiff or GEICO whether it be a document, information contained in a document, information revealed during a deposition, information revealed in a discovery answer or otherwise, which information has not been made available to the public at large. Confidential Information includes, but is not limited to, (a) GEICO's confidential, nonpublic, commercially-sensitive financial, business, or analytical information, or proprietary information and data, including but not limited to, information regarding the processes, operations, production, sales, income, profits, losses, savings, internal analysis of any of the aforementioned, training manuals or marketing information, pricing information, insurance rating information, internal forecasts, profit information, marketing strategies and approaches; (b) trade secret or other confidential research, development or other commercial information of the GEICO; (c) the confidential, non-public, private health, financial or other information of GEICO's policyholders, insureds, claimants and/or employees or former employees that may be protected by state and/or federal law or by contract, or which would not generally be disclosed to the public; and/or (d) information that is the confidential, proprietary, commercially-sensitive, and/or trade secret information of a third party.

2. In the event that materials containing Confidential Information are produced and/or disclosed, all such materials, including documents produced or exchanged in the course of this Litigation, pleadings, motions, interrogatory answers, other discovery responses and testimony given in depositions, shall be deemed Confidential pursuant to the terms of this Order.

3. Confidential Information shall be used solely for the purposes of this Litigation only, and shall not be used for any other purpose, including, without limitation, any business or

commercial purpose or any other litigation, claim or proceeding. Confidential Information shall not be revealed, disclosed or made available for inspection or copying to any person except under the terms of this Order or as required to be disclosed by the Court.

4. As used in this Order, the "producing party" means any party who either produces Confidential Information or asserts a confidentiality interest in information produced by another in this action. Parties will only label or identify documents or information as Confidential which they, in good faith, believe falls within the definition of Confidential set forth in paragraph 1 above. The opposing party's failure to challenge the propriety of a designation by the producing party immediately shall not preclude a subsequent challenge by the opposing party. Confidential Documents or parts thereof will be designated by marking each page of the document as "Confidential: *O'Sullivan v. GEICO* Litigation." Electronic information may be marked Confidential in a manner consistent with the manner in which the information is maintained.

5. Confidential Information may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

> A. The Parties and the directors, officers, and employees thereof, who are assisting with or making decisions concerning the Litigation, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the Litigation for use in accordance with this Stipulation;
>
> B. Counsel who represent Parties in this Litigation (including in-house counsel), and the partners, associates, paralegals, secretaries, clerical, employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Litigation for use in accordance with this Stipulation;
>
> C. Subject to Paragraph 7, experts or consultants assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with the Litigation;

D.  Subject to Paragraph 8, witnesses or deponents, and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony in this Litigation, and mediators that may be utilized by the Parties in the litigation of this matter;

E.  Any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, or, in the case of meeting minutes, an attendee of the meeting;

F.  The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom; and

G.  Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Discovery Material being disclosed, and provided that such person signs an undertaking in the form attached as Exhibit A hereto.

6.  To the extent that testimony is sought concerning Confidential Information or Confidential Documents during any deposition or in any other pre-trial venue, any Party may exclude any person from the deposition or other venue during such testimony if the Confidential Information or Documents may not be disclosed to such person under the terms of this Stipulation.

7.  Notwithstanding Paragraph 5(C) above, Confidential Information and Confidential Documents may be provided to persons listed therein only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in this Litigation, provided that such expert or consultant (i) is not currently an employee of, or advising or discussing employment with, or consultant to, any Party or any competitor of any Party, as far as the expert or consultant can reasonably determine, and (ii) is using said Confidential Information solely in connection with this Litigation, and further provided that such expert or consultant agrees to be bound by the terms of this Stipulation by signing an undertaking in the form attached as Exhibit A hereto. Counsel for the Party showing, providing, or disclosing

Confidential Information or Documents to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof. Under no circumstances shall an expert or consultant who is a competitor or an employee of a competitor of a Party, or who is providing services to any of the foregoing, be provided access to Confidential Information or Confidential Documents absent further order of the Court or the consent of the Producing Party. "Competitors" are persons or entities endeavoring to engage in the same or similar lines of business, provide the same or similar services, sell the same or similar products, and/or operate in the same markets, as well as any persons who are actually engaged in any of these activities.

8. Notwithstanding Paragraph 5(D) above, Confidential Information may be provided to persons listed in Paragraph 5(D) only after (i) they confirm their understanding and agreement to abide by the terms of this Stipulated Protective Order by making such a statement on the record, and/or by signing an undertaking in the form attached as Exhibit A hereto, or (ii) a court of competent jurisdiction orders them to abide by the terms of this Stipulated Protective Order. Counsel for the Party showing Confidential Information or Documents to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof.

9. Every person to whom Confidential Information is disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulation and may not be disclosed or used for purposes other than those permitted hereunder. Each such person shall maintain the Confidential Information or Confidential

Documents, or information derived therefrom, in a manner reasonably calculated to prevent unauthorized disclosure.

10. If a party disagrees with the Confidential designation of any document(s) or information, that party shall serve an objection upon the producing party claiming Confidential status of such disagreement, within 15 days after becoming apprised of such designation. The objection shall specify the documents to which the objection is directed and shall set forth the reasons for the objection as to each document or category of documents. In conferring, the objecting party must explain the basis for its belief that the Confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. Before seeking the Court's assistance on the dispute, the Parties shall first make a good faith effort to resolve the dispute. Disputes which cannot be resolved after a good faith effort may be presented to the Court by motion. All items and information objected to shall continue to be treated as Confidential pending the Court's resolution of the parties' dispute. The burden rests on the party claiming confidentiality to demonstrate that such designation is proper.

11. Notice of objection to a Confidentiality designation can also be made at a deposition when information is designated at a deposition as Confidential. At the time of deposition or within 30 days after receipt of the deposition transcript, a party may designate as Confidential specific portions of the transcript which contain Confidential matters under the standards set forth in paragraph 1 above. This designation shall be in writing and served upon opposing counsel. No objection shall be interposed at deposition that an answer would elicit Confidential information. Transcripts will be treated as Confidential for this 30 day period. Any portions of a transcript

designated Confidential shall thereafter be treated as Confidential in accordance with this Stipulated Confidentiality Order.

12. In filing materials with the Court in pretrial proceedings, counsel shall file under D.C. Colo LCivR 7.2 ~~seal, or redact or otherwise code to ensure that the secrecy of the information is maintained~~, only those specific documents and that deposition testimony designated Confidential, and only those specific portions of briefs, applications, and other filings that contain Confidential Information or Documents, or that set forth the substance of such Confidential Information. Any pleading, brief, memorandum, motion, letter, affidavit, or other document filed with the Court that discloses, summarizes, describes, characterizes or otherwise communicates Confidential Information or Documents must be filed with the Court under ~~seal~~ / Restricted Access Consistent with ~~in accordance with the provisions of applicable rules.~~ D.C. Colo LCivR 7.2.

[Handwritten margin note: WJM 1-28-16]

13. The Parties reserve the right to apply for an order seeking additional safeguards with respect to the use and handling of Confidential Information or Confidential Documents or to modify the terms of this Stipulation.

14. Entering into this Stipulation, or agreeing to and/or producing or receiving Confidential Information or Confidential Documents or otherwise complying with the terms of this Stipulation, shall not:

    A. Prejudice in any way the rights of any Party to (i) seek production of documents or information it considers subject to discovery, or (ii) object to the production of documents or information its considers not subject to discovery;

    B. Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any Confidential Information or Documents;

    C. Prejudice in any way the rights of any Party to (i) petition the Court for a further protective order relating to any purportedly Confidential Information or Document, or (ii) seek a determination by the Court whether any discovery material should be subject to the terms of this Stipulation;

D. Prevent any Party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to any particular Confidential Information or Document;

E. Prejudice in any way the rights of any Party to object to the relevance, authenticity, use, or admissibility into evidence of any document, testimony, or other evidence subject to this Stipulated Protective Order;

F. Preclude any Party from objecting to discovery that it believes to be otherwise improper; or

G. Operate as a waiver of any attorney-client, work product, business strategy, trade secret, or other privilege.

15. Nothing herein shall restrict a party: (a) from using or disclosing Confidential Documents or Information obtained by such party independent of discovery or disclosure in this action, whether or not such documents or information is also obtained through discovery or disclosure in this action; or (b) from disclosing its own Confidential Documents or Information as it deems appropriate; or (c) from making disclosures ordered by the Court.

16. In the event a party knowingly and intentionally chooses to disclose its own Confidential Documents or Information in a non-confidential manner, it shall be deemed to have waived the right to claim confidentiality to that specific document or information. The inadvertent and unintentional disclosure of a Confidential Document or Confidential Information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

17. In the event additional Parties join or are joined in this Litigation, they shall not have access to Confidential Information or Confidential Documents until the newly joined Party by its counsel has executed and filed with the Court its agreement to be fully bound by this Stipulation.

18. In the event that any Confidential Information or Confidential Documents are used in open court during any court proceeding or filed as a trial exhibit, the material shall lose its confidential status and become part of the public record, unless the Producing Party applies for and obtains an order from this Court specifically maintaining the confidential status of particular material. Prior to any court proceeding in which Confidential Information or Documents are to be used, counsel for the Parties shall confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Confidential Information or Documents.

19. If at any time in the future any person demands by subpoena or other compulsory process (collectively, "subpoena") the production of Confidential Documents or Confidential Information governed by this Protective Order, the party served with the non-party subpoena must notify the party that produced the Confidential Documents and/or Confidential Information within seven (7) business days of receipt of the subpoena or at least 48 hours prior to the time that the subpoena is to be complied with, whichever is earlier, in order to provide counsel for the party who produced the Confidential Documents and/or Confidential Information with sufficient information and an opportunity to protect the interests of the producing party by opposing the subpoena, if and only if, the party served was given notice by the non-party issuing the subpoena.

20. Within sixty (60) days of the termination of this litigation in its entirety, including any appellate process, upon written request, the originals and all copies of Confidential Documents or documents referencing Confidential Information, shall be destroyed or shall be given to the party who produced such Confidential Information or Documents. All individuals who have received

Confidential Documents or Confidential Information shall certify in writing that all such documents or information has been returned or destroyed. The counsel for the party receiving such certifications shall maintain copies of the same and shall have them available to provide to the party whose Confidential Documents or Confidential Information was provided to the individual.

21. The provisions of this Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including, without limitation, any appeals therefrom. This Court shall retain jurisdiction to enforce the terms of this Stipulated Protective Order *until Termination of this case*. Any party or person who received Confidential Information or Confidential Documents covered by this Order agrees to submit the jurisdiction of this Court with respect to any dispute involving the subject matter of this Stipulated Protective Order *until Termination of this case*.

IT IS SO ORDERED.

_____
[signature]

*1/25/16* [handwritten margin notation]

**AGREED:**

*[signature]*

Chad Hemmat
Ethan McQuinn
Jason Alleman
Anderson, Hemmat & McQuinn, LLC
5613 DTC Parkway, Suite 150
Greenwood Village, CO 80111
Telephone: (303) 782-9999
Facsimile: (303) 782-9996
Email: chad@andersonhemmat.com
ethan@andersonhemmat.com
Jason@andersonhemmat.com
**Attorneys for Plaintiff**

*[signature]*

Meloney Perry – CO Bar #35379
Perry Law P.C.
10440 N. Central Expressway, Suite 600
Dallas, TX 75231
Telephone: (214) 265-6201
Facsimile: (214) 265-6226
E-mail: mperry@mperrylaw.com
**Attorney for Defendant
GEICO Casualty Company**

*[signature]*

Gregory K. Falls
851 Clarkson Street
Denver, Colorado 80218-3205
Attorneys for Defendant GEICO General
Telephone: 303-837-1122
Facsimile: 303-832-6750
E-mail: Greg_Falls@Deisch-Marion.com
**Attorney for Defendant
GEICO Casualty Company**

# EXHIBIT A TO STIPULATED PROTECTIVE ORDER

ACKNOWLEDGMENT OF STIPULATED PROTECTIVE ORDER
*O'SULLIVAN V. GEICO* NO. 15-CV-01838-WJM-MJW,
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

1. My full name is _____

2. My address is _____
   _____

3. My present employer is _____

4. My present occupation or job description is _____
   _____.

5. I have received a copy of the Stipulated Protective Order entered in Case 15-CV-01838-WJM-MJW, United States District Court for the District of Colorado. I have carefully read and understand the provisions of the Stipulated Confidentiality Order. I will comply with all of the provisions of the Stipulated Protective Order.

6. I will not disclose any Confidential Documents or Confidential Information to any persons, except as allowed under this Stipulated Protective Order. I will use any such Confidential Documents and Confidential Information only with respect to my services in Case No. 15-CV-01838-WJM-MJW, United States District Court for the District of Colorado.

7. I will either destroy or return all Confidential Documents and Confidential Information that comes into my possession to the attorney representing the party that has employed or retained me or who provided such documents to me. I will likewise destroy or provide all documents or notes which I have prepared which contain or reference such Confidential Documents or Information to such attorney. I will provide a written statement to such attorney that I have either returned or destroyed all copies of Confidential Documents or Information along with any notes or documents I have created which reference said Confidential Documents or Information.

8. I agree to submit to the jurisdiction of the United States District Court for the District of Colorado, for the purposes of enforcement of this Stipulated Protective Order.

DATED this _____ day of _____, 20___.

_____
Signature