IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 15-cv-1838-WJM-MJW

DONALD O'SULLIVAN,

    Plaintiff,

v.

GEICO CASUALTY COMPANY,

    Defendant.

## ORDER

Now before the Court is Defendant's Motion for Review of Clerk's Award of Costs. (ECF No. 183.)

This insurance case proceeded to trial beginning April 10, 2017, pursuant to the Court's diversity jurisdiction, 28 U.S.C. § 1332. Given the parties' stipulations before trial, two issues were submitted to the jury.

*First*, the jury was asked whether Defendant had provided Plaintiff with an adequate notification and offer of uninsured/underinsured ("UM/UIM") insurance, as is required under Colorado Revised Statutes § 10-3-609(2) and *Allstate Insurance Co. v. Parfrey*, 830 P.2d 905 (Colo.1992)). (*See* ECF Nos. 100, 169.) Before trial, the Court determined that it was Defendant's burden to prove it had made a sufficient UM/UIM notification and offer in compliance with § 10-3-609(2).[1] Based on the evidence

---

[1] ECF No. 152 at 11–14 (citing, *inter alia*, *Morris v. Travelers Indem. Co. of Am.*, 518 F.3d 755, 758 (10th Cir. 2008), *Johnson v. State Farm Mut. Auto Ins. Co.*, 158 Fed. App'x 119 (10th Cir. 2005), and 9 Steven Plitt et al., *Couch on Insurance* § 122:40 (Dec. 2016 update)).

submitted, the jury resolved this question in Plaintiff's favor, finding Defendant's offer of UM/UIM coverage had been non-compliant. Given the parties' stipulations, Plaintiff was therefore entitled to reformation of his insurance contract to provide UM/UIM coverage up to a limit of $100,000, rather than the $25,000 which Defendant had previously viewed as the limit and paid; accordingly, Plaintiff was entitled to the $75,000 difference. (*See* ECF No. 100 ¶ 1; ECF No. 172.)

*Second*, the jury was asked whether Defendant had unreasonably delayed or denied payment of insurance benefits owed to Plaintiff in violation of Colorado Revised Statutes §§ 10-3-1115 & 1116. On this question, Plaintiff had the burden of showing that Defendant had acted without a reasonable basis. The jury answered this question in Defendant's favor, concluding that the payment of benefits had *not* been unreasonably delayed or denied.

Final judgment entered on April 14, 2017 (ECF No. 172), after which both parties submitted proposed bills of costs pursuant to Federal Rule of Civil Procedure 54(d)(1) (ECF Nos. 174, 175). Acting under D.C.COLO.LCivR 54.1, the Clerk of Court determined Plaintiff was the prevailing party and taxed costs of $6,255.92 against Defendant (out of a total of $23,539.33 requested by Plaintiff). (*See* ECF Nos. 181, 182.)

Defendant seeks review of the Clerk's taxation of costs, arguing that because Defendant prevailed on the second issue submitted to the jury the Court should enter an Order "for each party to bear their own costs." (ECF No. 183 at 3.) Defendant invokes the Court's discretion to apportion or alter the award of costs, and argues that it would "more fairly compensat[e] each party's respective partial success," for Plaintiff to

bear his own costs. (*Id.*) Defendant is agnostic as to whether this result comes in the form of "denying Plaintiff costs, awarding Defendant costs, or apportioning costs among the parties." (*Id.* at 2, n.1.)

Initially, Defendant does not dispute the Clerk's determination that Plaintiff was the prevailing party, and the Court finds that determination is correct. It is well established that a party need not succeed on all claims or issues to be deemed the prevailing party. *See Roberts v. Madigan*, 921 F.2d 1047, 1058 (10th Cir. 1990). Moreover, "the prevailing party inquiry does not turn on the magnitude of the relief obtained." *Phelps v. Hamilton*, 120 F.3d 1126, 130 (10th Cir. 1997). Here, final judgment entered in Plaintiff's favor, awarding Plaintiff $75,000 on his claim of breach of contract/contract reformation. (ECF No. 172.) Plaintiff is therefore the "prevailing party," and presumptively entitled to costs under Rule 54(d)(1). *Mitchell v. City of Moore*, 218 F.3d 1190, 1204 (10th Cir. 2000).

Defendant's argument is simply that it would be more fair for each party to bear its own costs in this case. The Court disagrees. Per the jury's findings, Defendant fell short of its statutory duties under § 10-3-609 and its contractual duties to Plaintiff. While Defendant prevailed on the separate claim brought under § 10-3-1115, and thereby avoided the more economically consequential remedies provided by § 10-3-1116, the Court does not find it unfair for Plaintiff, having prevailed on breach of contract claim, to recover his costs under the ordinary and "presumptive" operation of Rule 54(d)(1). *Mitchell*, 218 F.3d at 1204; *Roberts*, 921 F.2d at 1058.

Other than to generally invoke the Court's "broad discretion," Defendant makes only a cursory argument regarding fairness, and cites no cases in which a court set

aside the usual taxation of costs under Rule 54(d)(1) on analogous facts.  Defendant's Motion therefore has not presented an adequate basis to disrupt the presumptive award of costs to Plaintiff under Rule 54(d)(1).  Moreover, neither party objects to the Clerk's determination of the amount of costs properly taxed against Defendant.

Accordingly, Defendant's Motion for Review of Clerk's Award of Costs (ECF No. 183) is DENIED.  The Clerk's prior taxation of $6,255.92 against Defendant (ECF No. 182) is SUSTAINED.

Dated this 20th day of February, 2018

BY THE COURT:

William J. Martinez
United States District Judge